**SO ORDERED.**

**SIGNED this 10 day of July, 2012.**

　　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　　　　　Stephani W. Humrickhouse
　　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:                                                                               CASE NO.

**CYRUS MEAD, IV**                                                        10-09630-8-SWH

　　　　**DEBTOR**

**SUPPLEMENTAL ORDER REGARDING MOTION FOR CONTEMPT**

On June 7, 2012, a hearing took place in Raleigh, North Carolina, regarding the debtor's motion to hold Madeleine M. Ward in contempt of court for violating the court's order dated February 24, 2012 (the "Prior Contempt Order"). The Prior Contempt Order held Ms. Ward in contempt of the discharge injunction and imposed sanctions in the amount of $4,469, to be paid to The Janvier Law Firm within 14 days. Ms. Ward did not pay the sanctions, but did offer to pay in installments of $25 per month, however the offer was declined.

The Janvier Law Firm requests an order of contempt, imposing additional sanctions of $5,000, and suggests as a consequence of nonpayment that Ms. Ward forfeit an *in rem* claim to property in Illinois that has been the subject of previous disputes between the parties. Counsel for Ms. Ward contends that she does not have the ability to pay even the initial sanction within a reasonable time.

As was directed in the court's June 15, 2012 order, Illinois counsel for Ms. Ward, Mr. Stein, provided the court with documentation concerning her present financial condition, including a summary of events which allegedly led up to that financial condition in an effort to show the court that since Ms. Mead could not afford to pay the monetary sanctions imposed in the February 24, 2012 order, she could not have willfully violated that order warranting additional sanctions.

The court has thoroughly reviewed the documentation provided by Mr. Stein on behalf of Ms. Ward and finds that Ms. Ward could not in fact pay the $4,469 in sanctions in 14 days, and therefore did not willfully violate the February 24, 2012 order. The court does find, however, that Ms. Ward is able to pay the sanctions award through a reasonable payment plan.

It is therefore ORDERED:

1) Within 14 days of the date of this order, Ms. Ward shall provide the court and William P. Janvier with a statement, signed under penalty of perjury, attesting to the accuracy of the documentation provided by Mr. Stein.

2) The February 24, 2012 contempt order is modified to provide for the payment of $4,469 to the Janvier Law Firm as follows:

   a. $1,000 by January 31, 2013

   b. $1,000 by July 31, 2013

   c. $1,000 by January 31, 2014

   d. $1,000 by July 31, 2014

   e. $469 by January 31, 2015

3) In the event any payment provided in paragraph 2 above is not received by the Janvier Law Firm by the date set forth, Ms. Mead shall provide Mr. Janvier with a

        detailed accounting of all income received and expenses paid during the preceding period, i.e., the date of the previous payment or due date.

4) Upon review of the financial documentation, Mr. Janvier may request that the court hold Ms. Mead in willful contempt of this order, provided however, failure by Mr. Janvier to pursue contempt for failure to pay any specific payment shall not constitute a waiver of the right to request contempt for another payment or cumulative defaults.

**SO ORDERED.**

**END OF DOCUMENT**